**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **PAMELA SUE SCHULSTROM**, | Case No. 3:14-cv-00791-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **SCOTT RUSSELL SCHULSTROM**, | |
| Defendant. | |

Pamela Sue Schulstrom, c/o Kalie Schulstrom, 15246 S.W. Teal Blvd. #C, Beaverton, OR 97007. *Pro se.*

**Michael H. Simon, District Judge.**

Plaintiff Pamela Sue Schulstrom filed a *pro se* Complaint against Defendant Scott Russell Schulstrom on May 14, 2014. Dkt. 1. Service of process has not yet occurred. Plaintiff also filed an application to proceed *in forma pauperis*, Dkt. 2, and the Court grants Plaintiff's application to proceed *in forma pauperis*. Under the liberal pleading standards afforded to *pro se* plaintiffs, however, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted. For the following reasons, Plaintiff's Complaint is dismissed.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se

litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, --- U.S. ---, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court must dismiss any

case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh*, 546 U.S. at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee* v. *City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)).

## BACKGROUND

Plaintiff brings suit against her former husband. In her *pro se* Complaint, Plaintiff alleges that Defendant concealed a piece of mail addressed to Plaintiff that pertained to the parties' joint Chapter 13 bankruptcy, causing the bankruptcy to be dismissed, and then lied to an Oregon state court regarding the bankruptcy during a divorce proceeding. Plaintiff also alleges that Defendant failed to comply with a state court order requiring him to provide Plaintiff with medical insurance cards. Finally, Plaintiff alleges Defendant recorded a conversation between himself and Plaintiff without her consent.

Plaintiff claims that Defendant has committed mail fraud, perjury, and wiretapping and has deprived Plaintiff of property, due process, and her right to life, violating the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks relief in the form of $22,000 in damages related to debt not discharged through bankruptcy, $800 per month in

damages related to health insurance, and intervention by the Court vacating a judgment of the

Clackamas County Circuit Court. Plaintiff asserts federal question jurisdiction as the basis for the

Court's jurisdiction over her claims.

## DISCUSSION

### A. Mail Fraud

Plaintiff claims that Defendant committed mail fraud by concealing from Plaintiff a piece

of mail that would have alerted her to the pending dismissal of the couple's joint Chapter 13

bankruptcy. The mail was addressed to Plaintiff but sent to an address at which she no longer

resided. Although Plaintiff does not cite a specific statute in her Complaint, the Civil Cover

Sheet filed with it lists 18 U.S.C. §§ 1346 and 1349 as statutes under which she has filed the

Complaint. Mail fraud is a federal crime under 18 U.S.C. § 1341. Section 1346 defines "scheme

or artifice to defraud" in the context of the federal mail fraud statutes and § 1349 applies the

same penalties for violation of those statutes to "attempt and conspiracy." To the extent that

Plaintiff alleges a violation of §§ 1341, 1346, or 1349, however, a civil suit is not a viable

remedy. *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("there is no

private right of action for mail fraud under 18 U.S.C. § 1341"). It is clear that the deficiencies of

Plaintiff's Complaint with respect to mail fraud cannot be cured by amendment, and her claim

for mail fraud is therefore dismissed with prejudice.

### B. Perjury

Plaintiff claims that Defendant "perjured himself" in Clackamas County Circuit Court by

lying to that court regarding his compliance with multiple orders. It is unclear from the

Complaint whether Plaintiff alleges a violation of federal or state law with respect to her

allegation of perjury against Defendant, as she does not cite any statute. Neither federal nor

Oregon law, however, recognize a private right of action for perjury.

PAGE 5 – OPINION AND ORDER

Perjury is a federal crime under 18 U.S.C. § 1621. Federal criminal statutes, however, including § 1621, do not generally create a private right of action in a plaintiff. *See, e.g.*, *Fuller v. Unknown Officials from the Justice Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting the Court has refused to "infer a private right of action from a 'bare criminal statute'" (quoting *Cort v. Ash*, 422 U.S. 66, 80 (1975))). Similarly, this Court has previously held that Oregon law does not recognize a private right of action for violation of criminal perjury statutes, including Or. Rev. Stat. § 162.065; any criminal action for perjury must be initiated by the State. *Staton v. BAC Home Loans Servicing, L.P.*, 2012 WL 1624296 at *11 (D. Or. May 5, 2012); *Moore v. Chambers*, 2012 WL 5182806 at *5 (D. Or. Oct. 1, 2012), *report and recommendation adopted*, 2012 WL 5051795 (D. Or. Oct. 18, 2012). It is clear that the deficiencies of the Complaint with respect to the claim of perjury cannot be cured by amendment, and that claim is therefore dismissed with prejudice.

## C. Wiretapping

Plaintiff alleges that Defendant committed wiretapping by recording a conversation between the two without Plaintiff's knowledge and by disclosing that recording to a third-party, including during divorce proceedings in Clackamas County Circuit Court. Although Plaintiff's Complaint does not cite any statute, the Civil Cover Sheet lists "18 U.S.C. §§ 2510-2522." Under those statutes, any person who "intentionally intercepts" or "endeavors to intercept . . . any wire, oral or electronic communication" or who "intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication" is guilty of wiretapping. 18 U.S.C. §§ 2511(1)(a), (c).

Although § 2511 is a criminal statute, 18 U.S.C. § 2520(a) recognizes a private right of action for violation of § 2511. It is not a violation of § 2511, however, for a person to intercept a wire, oral, or electronic communication if that person is a party to the communication. 18 U.S.C. § 2511(2)(c). Accordingly, Plaintiff's factual allegations are insufficient to allege a violation of § 2511. Defendant was a party to the conversation that Plaintiff alleges that he recorded. Thus, his recording is not a violation of § 2511. Plaintiff's claim for wiretapping is therefore dismissed with prejudice.

**D.  Constitutional Claims**

Plaintiff cites 42 U.S.C. § 1983 on the Civil Cover Sheet and alleges that Defendant has violated her rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Section 1983 creates a private right of action against any person who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State" to deprive the plaintiff of any "rights, privileges, or immunities secured by the Constitution and laws." Private individuals are not generally subject to liability under § 1983 unless "under the facts of [the] case, . . . [the] private parties, may be appropriately characterized as 'state actors.'" *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

The Ninth Circuit has identified four approaches to determine whether private behavior may be attributed to the State: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation marks and citation omitted). Under the public function test a court must determine whether the defendant was "endowed by the State with powers or functions governmental in nature." *Id*. at 1093 (quotation marks and citation omitted). Under the joint action approach, a court must decide "whether the [S]tate has so far insinuated itself into a

position of interdependence with the private entity that it must be recognized as a joint

participant in the challenged activity." *Id.* (quotation marks and citation omitted). The

government compulsion or coercion approach examines "whether the coercive influence or

significant encouragement of the [S]tate effectively converts a private action into a government

action." *Id.* at 1094 (quotation marks omitted). Finally, under the governmental nexus test a court

must decide "whether there is such a close nexus between the State and the challenged action

that the seemingly private behavior may be fairly treated as that of the State itself." *Id.*

at 1094-95 (quotation marks and citation omitted).

   Plaintiff appears to allege that Defendant, a private individual, violated her rights under

the Fifth, Eighth, and Fourteenth Amendments by lying to the Clackamas County Circuit Court,

causing that court to issue an incorrect judgment, and by withholding health insurance cards

from her in violation of an order of the Clackamas County Circuit Court. These alleged acts are

private actions taken by Defendant.

   Plaintiff does not allege any facts that suggest that Defendant was endowed by the State

with any powers or functions when he lied to the Clackamas County Circuit Court, nor that the

State placed itself in a position of interdependence with Defendant or coerced or encouraged his

behavior. *Kirtley*, 326 F.3d 1093-94. Furthermore, Plaintiff has not alleged facts that demonstrate

a close nexus between the State and Defendant that would allow his behavior to be treated as that

of the State. *Id.* at 1094-95. Finally, according to the Complaint, Defendant's alleged action of

withholding health insurance cards from Plaintiff was in direct violation of an order of the

Clackamas County Circuit Court.

   Because Plaintiff has failed to allege any facts that support an inference that Defendant's

private actions are fairly attributable to the State, her constitutional claims against Defendant

under § 1983 are dismissed with prejudice. The Court need not address the question of whether Plaintiff has been deprived of any "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

**E.  Jurisdiction**

Plaintiff contends that this Court has jurisdiction over her claims because they present a federal question under 28 U.S.C. § 1331. The Court has liberally construed and dismissed the four claims discussed above arising under the United States Constitution and federal law and finds no other claims in the Complaint. To the extent that Plaintiff intended to assert any claims arising under state law the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

**CONCLUSION**

Plaintiff's application to proceed *in forma pauperis* is GRANTED. The Court finds, however, that the Complaint fails to state a claim on which relief may be granted and fails to establish that this Court has subject-matter jurisdiction over Plaintiff's claims. Plaintiff's claims for mail fraud, perjury, wiretapping, and violations of her constitutional rights are DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 11th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge